1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

JOHN ROBERT DEMOS, JR,

11

Plaintiff,

12

v.

13

UNITED STATES OF AMERICA et al,

14

Defendants.

CASE NO. 2:22-cv-01277-TL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: <u>November 18, 2022</u>

15

16    This matter is before the Court on referral from the district court and on plaintiff's

17    application to proceed *in forma pauperis* ("IFP"). *See* Dkt. 1.

18                                      **BACKGROUND**

19    On September 12, 2022, plaintiff, a Washington prisoner who is well-known locally and

20    nationally as an abusive litigant, filed an application to proceed IFP so that he may bring an

21    action against sundry state and federal officials related to the conditions of his confinement,

22    conviction, sentencing, and childhood. *See* Dkt. 1-1, at 5–9. In his proposed complaint, he asserts

23    that he is in imminent danger due to his "ostrasization [sic] by the State Supreme Court," "the

24

1   cototerie/legion of constitutional rights violations" by prosecutors in his underlying convictions,

2   and exposure to toxins "as [a] child of about 1 to 2 years of age," among other allegations. *See*

3   *generally* Dkt. 1-1.  Plaintiff seeks "any, and all relief as the Court deems to be necessary and

4   proper," including but not limited to "all-purpose, all-inclusive, all recoverable, all allowable

5   damages in the amount of three million (3,000,000.00) dollars," "an out of court settlement, and

6   arbitration." Dkt. 1-1, at 13.

7        Plaintiff is subject to pre-filing bar orders in this district due to his relentless abuse of the

8   judicial system. *See In re John Robert Demos*, MC91-269-CRD, Dkt. 1 (W.D. Wash. Jan. 16,

9   1992) ("1992 Bar Order"). The 1992 Bar Order provides that this Court "will not consider more

10  than three [IFP] applications in any calendar year" and that "[a]ny fourth or successive

11  application by [plaintiff] to proceed [IFP] will not be filed, acknowledged, or returned." *Id.* at 2.

12  The 1992 Bar Order also states that any complaints, whether accompanied by a filing fee or an

13  IFP application, "will not be accepted for filing unless the complaint is accompanied by an

14  affidavit that the claims presented have not been presented in any other action in any court and

15  that [plaintiff] can and will produce evidence to support his claims." *Id.* at 3. Alongside the 1992

16  Bar Order is U.S.C. § 1915(g), which prohibits plaintiff from bringing any actions (including the

17  three allowed by the 1992 Bar Order), unless plaintiff is under imminent danger of serious

18  physical injury.

19       Plaintiff has far surpassed his three-filing limit by filing more than 50 actions in this

20  district since the beginning of the year. *See, e.g.*, *Demos v. Wash. State Dep't of Corr.*, 2:22-cv-

21  00507-JCC-DWC (W.D. Wash. 2022); *Demos v. State of Wash., et al.*, 2:22-cv-00489-RSM-

22  BAT (W.D. Wash. 2022); *Demos v. Satterberg*, 2:22-cv-00271-JHC (W.D. Wash. 2022).

23  However, the 1992 Bar Order has been construed to include an imminent danger exception,

24

REPORT AND RECOMMENDATION - 2

1  which allows plaintiff to surpass the number of IFP applications allowed under the 1992 Bar

2  Order if he complies with the rest of the procedural requirements. *See Demos v. Strange*, No.

3  C22-5464-TL-JRC (W.D. Wash. Aug. 3, 2022) (citing *Demos v. Holbrook*, 848 Fed. Appx. 779

4  (9th Cir. 2021) ("While the contempt order does not specify an 'imminent danger' exception, and

5  pre-dates the Prison Litigation Reform Act, the district court seems to have construed the

6  contempt order to include such an exception.")). After screening, this Court recommends that

7  plaintiff's action be dismissed because plaintiff failed to follow the requirements of the 1992 Bar

8  Order.

9        The 1992 Bar Order requires plaintiff to submit an affidavit stating that the claims

10 presented have not been presented in any other action in any court and that plaintiff can and will

11 produce evidence to support his claims. Plaintiff filed an affidavit in this matter that is deficient

12 as to both requirements. First, plaintiff explicitly states that he cannot "truthfully 'certify' that the

13 issues presented [. . .] are new, and have never before been presented in any other state, national,

14 international, consular, or territorial court." *See* Dkt. 1-1, at 11. Moreover, plaintiff does not state

15 that he can or will produce evidence to support his claims. *Id*.

16       Finally, even if plaintiff had complied with these procedural requirements, nothing in

17 plaintiff's complaint demonstrates that he currently faces "imminent danger of serious physical

18 injury." *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (internal citations omitted).

19 Instead, it is a sundry list of frivolous and unrelated allegations against the state Supreme Court,

20 the federal Department of Veterans Affairs, the prosecuting attorneys of two Washington

21 counties, and a foreign head of state. *See* Dkt. 1-1, at 5–12.

22       Plaintiff has not satisfied the requirements of the 1992 Bar Order and may not proceed *in*

23 *forma pauperis* on this proposed complaint.

24

1

**CONCLUSION**

2        Accordingly, the Court recommends that plaintiff's claims be dismissed without

3    prejudice and that any pending motions be denied as moot.

4        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

5    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

6    6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

7    review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those

8    objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v.*

9    *Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit

10    imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **November 18,**

11    **2022,** as noted in the caption.

12        Dated this 24th day of October, 2022.

13

14    _____
      J. Richard Creatura
15    Chief United States Magistrate Judge

16

17

18

19

20

21

22

23

24

REPORT AND RECOMMENDATION - 4