1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN ROBERT DEMOS, JR, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA et al., <br><br> Defendants. | CASE NO. 2:22-cv-01277-TL <br><br> ORDER ON REPORT AND RECOMMENDATION |

This matter comes before the Court on the Report and Recommendation of the Honorable J. Richard Creatura, Chief United States Magistrate Judge (Dkt. No. 3) and Plaintiff John Robert Demos, Jr.'s objections to the Report and Recommendation (Dkt. No. 4).[1] Having reviewed the Report and Recommendation, Plaintiff's objections, and the remaining record, the Court

---

[1] Mr. Demos also filed a "Motion to Clarify" (Dkt. No. 4) informing the Court that there was an incident at the facility that affected his access to the library and apologizing for any delay. While the Court appreciates the notification, Mr. Demos' objection was filed on time and will be considered by the Court.

ORDER ON REPORT AND RECOMMENDATION - 1

OVERRULES Plaintiff's objections, ADOPTS the Report and Recommendation, and DISMISSES the case without prejudice.

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("[The Court] must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). Plaintiff filed timely objections to the Report and Recommendation.

Mr. Demos is a very prolific litigant. By his own admission, he has filed an "unprecedented" number of lawsuits over the years, totaling "over 2,000+ worldwide." Dkt. No. 1-1 at 11. As such, he is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g., Demos v. Storrie*, 507 U.S. 290, 291 (1993). As a bar order litigant, Mr. Demos may submit only three *in forma pauperis* ("IFP") applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992). As noted in the Report and Recommendation, "Plaintiff has far surpassed his three-filing limit by filing more than 50 actions in this district since the beginning of the year." Dkt. No. 3 at 2.

Because Plaintiff has had more than three prior actions filed and dismissed this year, he may not proceed *in forma pauperis* unless he complies with all procedural requirements outlined

in prior bar orders. *See Demos v. U.S. Dist. Court for the E. Dist. of Wash.*, 925 F.2d 1160, 1162 (9th Cir. 1991). The procedural requirements for Mr. Demos' filings are that he must:

1. Submit all forms required by the local rules and the Rules Governing Habeas Corpus, *In re Complaints and Petitions Submitted by John Robert Demos* at 12 (W.D. Wash. Dec. 15, 1982);
2. Answer all questions on the required forms completely and directly, *id.*;
3. Submit, with respect to any petition for writ of habeas corpus, specific, affirmative evidence that he has exhausted available state remedies with respect to the particular issues raised, *id.*;
4. Submit, with respect to any civil rights complaint, a separate statement, based on factual allegations, showing good cause why he should be permitted to sue on the new complaint, *id.*
5. Pay the filing fee, *In re John Robert Demos*, MS91-269-CRD at 3 (W.D. Wash. Jan. 16, 1992); and
6. Submit "an affidavit that the claims presented have not been presented in any other action in any court and that Demos can and will produce evidence to support his claims." *Id*.

The one exception to the bar orders appears to be if Mr. Demos makes a plausible claim of imminent danger of serious physical injury. *See Demos v. Holbrook*, 848 F. App'x 779 (9th Cir. 2021) (vacating denial of IFP status and administrative closure of action under a bar order and remanding with instructions to consider the possible application of the imminent danger exception). *See also* 28 U.S.C. § 1915(g) (demonstrating "imminent danger of serious physical injury" allows litigants to obtain IFP status despite filing more than three actions in one year).

Plaintiff raises a number of issues in his objection, but six of the seven questions he presents in his objection take issue with the bar orders against him in this district. Dkt. No. 4 at 3. However, the Ninth Circuit has ruled that "the district courts in both the Eastern and Western District of Washington have entered standing orders against Demos, under which he must comply with certain prerequisites before being permitted to file actions in forma pauperis. Because Demos did not appeal from the standing orders, they have become final." *Demos v. U.S. Dist. Ct. For E. Dist. of Washington*, 925 F.2d at 1161. Further, as Chief Magistrate Judge Creatura correctly notes, Mr. Demos failed to meet at least two of the requirements of the 1992 Bar Order: (1) Mr. Demos "explicitly states that he cannot 'truthfully "certify" that the issues presented . . . are new[] and have never before been presented in any other state, national, international, consular, or territorial court," Dkt. No. 3 at 3 (quoting Dkt. No. 1-1 at 11); and (2) Mr. Demos did not state that he can or will produce evidence to support his claims. Dkt. No. 3 at 3.

His one question not challenging the bar orders themselves asks: "Must John Demos' claim of imminent danger be allowed to go forward?" Dkt. No. 4 at 3. The answer is, under the facts pleaded in his complaint, no. Mr. Demos' objection only poses a question and cites the statute regarding the imminent danger exception without any attempt at actually arguing that he is in imminent danger of serious physical injury. As noted in the Report and Recommendation, his Complaint does not fare any better. Dkt. No. 3 at 3. The Complaint references the "denial of access to a toilet" without any further detail and generically claims "inadequate safety & health & medical protocols, and implementation." Dkt. No. 1-1 at 6. Claims of imminent danger that are without support are insufficient to make out a plausible claim of imminent danger and avoid a pre-filing bar order. *Andrews v. Cervantes*, 493 F.3d 1047, 1055, 1050 n.11 (9th Cir. 2007).

ORDER ON REPORT AND RECOMMENDATION - 4

For the foregoing reasons, the Court ORDERS:

1. The Report and Recommendation (Dkt. No. 3) is hereby APPROVED and ADOPTED;

2. Plaintiff's claims are DISMISSED without prejudice, his application to proceed *in forma pauperis* is DENIED, and the case shall be CLOSED; and

3. The Clerk is DIRECTED to send copies of this order to Mr. Demos and the Hon. J. Richard Creatura.

Dated this 7th day of November 2022.

                                                Tana Lin
                                                United States District Judge